UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF TENNESSEE
              COLUMBIA DIVISION


JULIE A. CRUZ                    ]
     Petitioner,                 ]
                                 ]
v.                               ]    No. 1:12-0035
                                 ]    Judge Trauger
UNITED STATES OF AMERICA         ]
     Respondent.                 ]


              **M E M O R A N D U M**


     The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Camp in Coleman, Florida. She brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct her sentence.

     On May 27, 2010, pursuant to a plea agreement that called for the dismissal of three other charges against her, the petitioner pled guilty to conspiring over the course of some three three years to distribute and to possess with intent to distribute over 50 grams of methamphetamine. United States of America v. Julie Cruz, Criminal Action No.1:09-00009 (M.D. Tenn.); Docket Entry No.128. She was sentenced to one hundred twenty (120) months in prison, to be followed by five (5) years of supervised release. *Id.* at Docket Entry No.231. No direct appeal of the conviction and sentence was sought by the petitioner.

                          1

On April 19, 2012, the petitioner filed the instant § 2255 motion (Docket Entry No.1). The motion questions the legality of her conviction and sentence. More specifically, the petitioner alleges that she

> 1) was denied the effective assistance of counsel
>    a) when her attorney convinced the petitioner to plead guilty on his assurance that she would receive a five year sentence;
>    b) when her attorney promised petitioner that she would receive the benefit of the safety valve without having to testify against her brother (Thomas "Tick" Payne)[1];
>    c) because her attorney failed to argue for a reduction of sentence based upon petitioner's emotional problems;[2] and
>
> 2) the petitioner qualified for, but was not given, a safety valve reduction in her sentence.

Upon its receipt, the Court reviewed the motion and found that the petitioner had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.6) entered May 15, 2012, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

---

[1] The safety valve is codified as §5C1.2 of the United States Sentencing Guidelines and provides for a limitation on the applicability of statutory minimum sentences in certain cases.

[2] The petitioner was represented by David Cooper, a member of the Davidson County Bar.

Presently pending before the Court is the government's Response opposing the motion (Docket Entry No.10), to which the petitioner has offered no reply. Having carefully considered the motion, the government's Response, and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

Upon entering a valid guilty plea, a criminal defendant waives all non-jurisdictional antecedent defects in the proceedings. *See* United States v. Lanier, 201 F.3d 842, 846-847 (6th Cir. 2000). A criminal defendant may further agree, via the terms of a plea agreement, to waive any right, even a constitutional right, United States v. Ashe, 47 F.3d 770, 775-776 (6th Cir. 1995), including the right to appeal a conviction or sentence, United States v. Fleming, 239 F.3d 761, 763-764 (6th Cir. 2001), and the right to seek collateral post-conviction relief. Watson v. United States, 165 F.3d 486, 488-489 (6th Cir. 1999). As long as the criminal defendant has knowingly, intelligently and voluntarily waived his rights, the terms of a plea agreement will be enforced. Watson, *supra* at pg. 489.

In this instance, the petitioner knowingly waived "the right

3

to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category as determined by the Court." The petitioner also waived "the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." Criminal Action No.1:09-00009; Docket Entry No.129 at pg.16. This waiver does not, however, apply to claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. *Id.*

During sentencing, the Court found the guideline range to be 168 - 210 months and the supervised release term to be five years. A statutory mandatory minimum prison term of 120 months governed the sentencing. Docket Entry No.10-1 at pg.3. Upon the joint recommendation of the parties, the petitioner was sentenced to the mandatory minimum term of 120 months, which was some four years below the bottom of the guideline range. Hence, to the extent that petitioner is attempting to invalidate her sentence (Claim No.2), she has waived her right to do so. Petitioner's waiver of this right appears from the record to have been a knowing, intelligent and voluntary decision. Therefore, petitioner's claim attacking the length of her sentence is without merit.

The petitioner also cites three instances in which she was allegedly denied the effective assistance of counsel. These

4

instances occurred when counsel allegedly (1) convinced her to plead guilty on his assurance that she would receive a five year sentence; (2) "promised" petitioner that she would receive the benefit of the safety valve without having to testify against her brother; and (3) failed to argue for a reduction in sentence based upon her emotional problems. In essence, then, the petitioner complains that she should have received a shorter sentence but for counsel's false assurances.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that her attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Within the context of a guilty plea, prejudice arises when there is a reasonable probability that, but for counsel's errors, she would not have pled guilty and would have, instead, insisted on going to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such claims, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

In the Plea Agreement, the petitioner agreed to "cooperate

5

fully and truthfully with the United States and to provide all information known to her regarding any criminal activity." Criminal Action No.1:09-00009; Docket Entry No.129 at pg.10, ¶11. In exchange, the government would, prior to sentencing, "file a motion pursuant to U.S.S.G. §5K1.1 and/or Title 18, U.S.C., Section 3553(e) with the Court setting forth the nature and extent of defendant's cooperation." *Id.* at pg.12, ¶15. The petitioner refused to cooperate and testify against her co-defendant and brother, Tick Payne, even at his sentencing after he pled guilty in order to help establish drug quantity. Docket Entry No.10-2 at pg.8. In response, the government chose not to file a motion for a downward departure on behalf of the petitioner and disqualified her for the safety valve.

The petitioner now claims that counsel was deficient because he convinced her to plead guilty with an assurance that she would only receive a five year sentence (Claim No.1a). She also asserts that counsel promised her that she would receive the benefit of the safety valve without having to testify against her brother (Claim No.1b).

In an affidavit, counsel stated that he explained to the petitioner that the refusal to discuss her brother's involvement in the crime was a breach of the plea agreement. He warned the petitioner that she would be sentenced without the benefit of a downward departure or the safety valve, which would expose her, at

6

the very least, to the statutory minimum sentence of ten years in prison. *Id.* at pp.5-6. In the Petition to Enter Guilty Plea, the petitioner acknowledged that no one had "guaranteed me what sentence I will receive." Criminal Action No.1:09-00009; Docket Entry No.129 at pg.3, ¶10. She further noted in the Plea Agreement that no one had promised that a substantial assistance motion would be filed on her behalf. *Id.* at pg.18, ¶15.

The record clearly shows that the government chose not to file a motion for downward departure from the statutory mandatory minimum nor certify that she was eligible for the safety valve because the petitioner had reneged on her pledge to fully cooperate with the government as to her brother and co-defendant. There is nothing in the record to support her contention that counsel "assured" or "promised" her a specific sentence. Her acknowledgments in the Petition to Enter Guilty Plea and the Plea Agreement are to the contrary. Moreover, the transcript of the sentencing hearing contains extensive discussion on the record about the fact that the defendant did not receive a motion for downward departure or the safety valve because she had made the agonizing choice not to cooperate against her brother, a fact of which all parties and Ms. Cruz were aware. (Docket No. 10-1 at 3, 5, 22) Had Ms. Cruz, in fact, pled guilty because her lawyer assured her she would receive the safety valve and/or a 5-year sentence, certainly she would have spoken up during the sentencing

7

hearing about these misrepresentations that had falsely induced her guilty plea. It is clear that she had a very difficult choice to make, but she knowingly made the choice to refuse to cooperate against her brother and, therefore, be subject to a minimum sentence of 120 months. The court finds her claims of assurances and promises by her counsel totally unbelievable and belied by her conduct at the sentencing hearing. Therefore, the court finds that petitioner's first two claims of ineffective assistance of counsel (Claim Nos.1a and 1b) have no merit.

The petitioner's final claim is that counsel was ineffective for not arguing for a reduction in sentence based upon her emotional problems (Claim No.1c). To the contrary, not only did counsel file an extensive psychological evaluation completed by Dr. Pam Auble in support of his sentencing position, but he requested that that report be attached to the Judgment and Commitment Order, so that it would be transmitted to the Bureau of Prisons. He also assured that her background and mental health issues were discussed in the Presentence Report and argued those factors at sentencing. (Docket No. 10-1 at 22) His effectiveness at presenting this material was reflected in the court's justifying its sentence of some 4 years below the bottom of the guideline range in part because of her background and mental health issues. (Docket No. 10-1 at 27-29)

The record, therefore, confirms that counsel did place the

8

petitioner's emotional problems before the Court, and they were factored into the sentence imposed upon the petitioner. Thus, counsel was not ineffective in this regard.

Having considered the § 2255 motion and the expanded record, the Court can find no reason to vacate, set aside or correct petitioner's sentence. Her motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge